ORRICK, HERRINGTON & SUTCLIFFE LLP
Raniero D'Aversa, Jr., Esq. (Admitted pro hac vice)
Steven J. Fink, Esq.  (Admitted pro hac vice)
Jeffery Hermann, Esq. (Admitted pro hac vice)
51 West 52nd Street
New York, New York 10019
Telephone:  (212) 506-5000
Facsimile:   (212) 506-5151
Email: rdaversa@orrick.com
          sfink@orrick.com
          jhermann@orrick.com

-and-

KANE RUSSELL COLEMAN & LOGAN PC
George H. Barber, Esq. (TX Bar No. 01705650)
1601 Elm Street
Suite 3700
Dallas, Texas 75201
Telephone:  (214) 777-4200
Facsimile:  (214) 777-4299
Email:  gbarber@krcl.com

*Counsel for ECN Capital (Aviation) Corp.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| CHC GROUP LTD., *et al.*,[1] ) | |
| ) | Case No. 16-31854-bjh-11 |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

---

[1] The Debtors in these chapter 11 cases (defined below) and the last four digits of each Debtor's taxpayer identification number, where applicable, are as follows: CHC Group Ltd. (7405), Heli-One (U.S.) Inc. (9617), Heli- One USA Inc. (3691), CHC Helicopter S.A. (6821), CHC Cayman ABL Borrower Ltd. (5051), CHC Cayman ABL Holdings Ltd. (4835), Lloyd Helicopter Services Pty. Ltd. (2394), Lloyd Helicopters Pty. Ltd. (2393), CHC Helicopter Australia Pty Ltd (2402), Lloyd Bass Strait Helicopters Pty. Ltd. (2398), Lloyd Helicopters International Pty. Ltd. (2400), CHC Helicopters (Barbados) Limited (7985), CHC Helicopters (Barbados) SRL, CHC Global Operations Canada (2008) ULC (6979), CHC Global Operations (2008) ULC (7214), CHC Global Operations International ULC (8751), Heli-One Canada ULC (8735), Heli-One Leasing ULC, Heli-One Holdings (UK) Limited (6780), Heliworld Leasing Limited (2464), Management Aviation Limited (2135), CHC Leasing (Ireland) Limited (8230), 6922767 Holdings S.a r.l. (8004), CHC Helicopter Holding S.a r.l. (0907), CHC Helicopter (1) S.a r.l. (8914), CHC Helicopter (2) S.a r.l. (9088), CHC Helicopter (3) S.a r.l. (9297), CHC Helicopter (4) S.a r.l. (9655), CHC Helicopter (5) S.a r.l. (9897), Capital Aviation Services B.V. (2415), CHC Den Helder B.V. (2455), CHC Holding NL B.V. (6801), CHC Hoofddorp B.V. (2413), CHC Netherlands B.V. (2409), Heli-One (Netherlands) B.V. (2414), CHC Norway Acquisition Co AS (6777), Heli-One (Norway) AS (2437), Heli-One Leasing

1

**MOTION OF ECN CAPITAL (AVIATION) CORP. TO DEEM LATE
FILED BALLOT AS TIMELY FILED**

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

ECN Capital (Aviation) Corp. (f/k/a Element Capital Corp.) ("ECN Capital"), a creditor in the above-captioned bankruptcy cases, through its undersigned counsel, files this motion (the "Motion") to deem its late filed ballot as timely filed.[2] In support of the Motion, ECN Capital respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. On February 1, 2017, ECN Capital executed a Class 7 ballot (the "Ballot") to reject the *Second Amended Joint Chapter 11 Plan of CHC Group Ltd. and its Affiliated Debtors* [Dkt. No. 1371] (the "Plan"). The Ballot was sent by overnight delivery and should have arrived to Kurtzman Carson Consultants LLC ("KCC"), the Debtors' balloting agent, before the voting deadline on February 2, 2017 at 5:00 p.m. (prevailing Central time) (the "Voting Deadline"). Due to a one-digit clerical error on the address line of the mailing label, the Ballot was sent to the wrong building and KCC received it one day late. Because this oversight constitutes excusable neglect, and the Debtors do not object to the relief requested herein, ECN Capital respectfully requests that the Court deem its Ballot timely filed.

**BACKGROUND**

2. ECN Capital holds at least $94,070,389 of general unsecured claims against CHC Helicopters (Barbados) SRL and certain of its affiliates on account of helicopter leases and subleases that were rejected by the Debtors. *See Order Granting Debtors' First Omnibus Motion to Reject Certain Equipment Leases and Subleases Pursuant to Section 365 of the Bankruptcy Code* [Dkt. No. 428]; *Order Granting Debtors' Second Omnibus Motion to Reject Certain Equipment Leases and Subleases Pursuant to Section 365 of the Bankruptcy Code* [Dkt. No. 427].

---

(Norway) AS (2441), Integra Leasing AS (2439), CHC Holding (UK) Limited (2198), Heli-One (UK) Limited (2451), Lloyd Helicopter Services Limited (6781), and CHC Cayman Investments I Ltd (8558).

[2] ECN Capital will also be submitting a separate motion requesting that this Court consider this Motion on an expedited basis.

766409963

3. On February 1, 2017, ECN Capital filed an objection to the Plan. *See ECN Capital (Aviation) Corp.'s Objection to the Second Amended Joint Chapter 11 Plan of CHC Group Ltd. and its Affiliated Debtors* (the "Plan Objection") [Dkt. No. 1605]. On the same date, ECN Capital voted to reject the Plan and mailed the Ballot to KCC via overnight delivery. The envelope containing the Ballot was marked for overnight delivery on February 1, 2017 and was scheduled to arrive at KCC prior to the Voting Deadline. The Ballot was not received by KCC until February 3, 2017 due to a transcription error on the envelope which incorrectly identified KCC's address. As such, KCC marked the Ballot as untimely and does not intend to count it for purposes of voting on the Plan absent further order from this Court.

4. After discussions concerning this issue, the Debtors informed undersigned counsel that they do not oppose the relief requested by ECN Capital in this Motion.

## RELIEF REQUESTED

5. ECN Capital respectfully requests that this Court enter an order (the "Order"), in the form set forth in Exhibit A hereto, deeming the Ballot timely filed in accordance with the tabulation procedures set forth in the Disclosure Statement Order (as defined below).

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

7. Under the tabulation procedures approved by this Court, any ballot received after the Voting Deadline shall not be counted "unless the Court has granted an extension of the Voting Deadline with respect to such [b]allot." *Order (I) Approving Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Establishing Rights Offering Procedures, (IV) Scheduling Confirmation Hearing and (V) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan Pursuant to Sections 105, 1125, 126, 1128, 3001, 3003, 3016, 3017, 3018, 3020, and 9006 and*

*Local Rules 2002-1, 3017-1, 3018-1, and 3020-1* (the "Disclosure Statement Order") [Dkt. No. 1382].

8. Bankruptcy courts may, for cause, exercise their discretion and deem late acts timely if the initial "failure to act was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b). The relevant factors for assessing excusable neglect include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Greyhound Lines, Inc. v. Rogers (In re Eagle Bus. Mfg. Inc.)*, 62 F.3d 730, 736-40 (5th Cir. 1995) (applying *Pioneer* to determine whether to allow untimely proofs of claim in bankruptcy cases); *In re Norton*, No. 15-10046, 2017 WL 354320, at *4-5 (Bankr. N.D. Tex. Jan. 24, 2017) (same). Courts also invoke the excusable neglect standard when determining whether a late filed ballot should be counted for plan voting purposes. *See In re Hills Stores Co.*, 167 B.R. 348, 352 (Bankr. S.D.N.Y. 1994). Applying this standard, courts have deemed a late filed ballot as timely submitted when the ballot was inadvertently sent to a wrong address. *See In re Paul*, 101 B.R. 228, 231 (Bankr. S.D. Cal. 1989).

9. ECN Capital's minor mistake is the epitome of excusable neglect. First, the Debtors are not prejudiced because they expected ECN Capital to vote to reject the Plan. ECN Capital filed its Plan Objection *prior* to the Voting Deadline, thus signaling its opposition to its treatment under the Plan. Moreover, the Debtors have indicated that they do not intend to object to this Motion. Second, the Ballot was received just one day late and was still well in advance of the Debtors' confirmation hearing on February 13, 2017. Third, the reason for the delay was an oversight due to a small transcribing error on the delivery label for the envelope containing the Ballot. And, finally, ECN Capital acted in good faith at all times because it attempted to send the Ballot to the correct location by the appropriate deadline. Taken together, the Court should find that ECN Capital has satisfied the excusable neglect standard and deem the Ballot timely filed.

## RESERVATION OF RIGHTS

10. ECN Capital reserves the right to amend, modify and/or supplement this Motion in

4

any respect.

## CONCLUSION

WHEREFORE, ECN Capital respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 7, 2017

ORRICK, HERRINGTON & SUTCLIFFE LLP

 s/Jeffery Hermann_____
Raniero D'Aversa, Jr., Esq.
Steven J. Fink, Esq.
Jeffery Hermann, Esq.
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
rdaversa@orrick.com
sfink@orrick.com
jhermann@orrick.com

-and-

KANE RUSSELL COLEMAN & LOGAN PC

George H. Barber, Esq.
1601 Elm Street
Suite 3700
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299
gbarber@krcl.com

*Counsel for ECN Capital (Aviation) Corp.*

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned counsel for ECN Capital (Aviation) Corp. conferred with counsel for the Debtors on February 6, 2017 regarding the relief requested in the Motion. Counsel for the Debtors stated that the Debtors do not object to the relief requested in the Motion.

/s/ *Raniero D'Aversa, Jr.*_____
Raniero D'Aversa, Jr.

5

**Exhibit A**

766409963

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| CHC GROUP LTD., *et al.*[1], ) | |
| ) | Case No. 16-31854-bjh-11 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

---

[1] The Debtors in these Chapter 11 Cases (defined below) and the last four digits of each Debtor's taxpayer identification number, where applicable, are as follows: CHC Group Ltd. (7405), Heli-One (U.S.) Inc. (9617), Heli- One USA Inc. (3691), CHC Helicopter S.A. (6821), CHC Cayman ABL Borrower Ltd. (5051), CHC Cayman ABL Holdings Ltd. (4835), Lloyd Helicopter Services Pty. Ltd. (2394), Lloyd Helicopters Pty. Ltd. (2393), CHC Helicopter Australia Pty Ltd (2402), Lloyd Bass Strait Helicopters Pty. Ltd. (2398), Lloyd Helicopters International Pty. Ltd. (2400), CHC Helicopters (Barbados) Limited (7985), CHC Helicopters (Barbados) SRL, CHC Global Operations Canada (2008) ULC (6979), CHC Global Operations (2008) ULC (7214), CHC Global Operations International ULC (8751), Heli-One Canada ULC (8735), Heli-One Leasing ULC, Heli-One Holdings (UK) Limited (6780), Heliworld Leasing Limited (2464), Management Aviation Limited (2135), CHC Leasing (Ireland) Limited (8230), 6922767 Holdings S.a r.l. (8004), CHC Helicopter Holding S.a r.l. (0907), CHC Helicopter (1) S.a r.l. (8914), CHC Helicopter (2) S.a r.l. (9088), CHC Helicopter (3) S.a r.l. (9297), CHC Helicopter (4) S.a r.l. (9655), CHC Helicopter (5) S.a r.l. (9897), Capital Aviation Services B.V. (2415), CHC Den Helder B.V. (2455), CHC Holding NL B.V. (6801), CHC Hoofddorp B.V. (2413), CHC Netherlands B.V. (2409), Heli-One (Netherlands) B.V. (2414), CHC Norway Acquisition Co AS (6777), Heli-One (Norway) AS (2437), Heli-One Leasing (Norway) AS (2441), Integra Leasing AS (2439), CHC Holding (UK) Limited (2198), Heli-One (UK) Limited (2451), Lloyd Helicopter Services Limited (6781), and CHC Cayman Investments I Ltd (8558).

1

## ORDER GRANTING MOTION OF ECN CAPITAL (AVIATION) CORP. TO DEEM LATE FILED BALLOT AS TIMELY FILED

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

The Court, having considered the Motion,[2] finds that sufficient cause exists for (a) granting the Motion, (b) deeming the Ballot timely filed for Plan voting and tabulation purposes and (c) directing KCC, as the Debtors' balloting agent, to treat the Ballot as timely filed. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion is hereby **GRANTED**; and it is further

**ORDERED** that the Ballot is timely filed for Plan voting and tabulation purposes in accordance with the Disclosure Statement Order; and it is further

**ORDERED** that KCC, as the Debtors' balloting agent, treat the Ballot as timely filed and update its internal records consistent with this Order.

### END OF ORDER ###

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings assigned to such terms in the Motion of ECN Capital (Aviation) Corp. to Deem Late Filed Ballot as Timely Filed [Dkt. No. ___].

766409963